IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDWARD JACKSON JIMENEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-08-1199-M |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, who appears *pro se*, seeks judicial review pursuant to 42 U.S.C. § 405(g) of

the final decision of Defendant Commissioner denying his application for disability insurance

benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423.  Defendant has

answered the Complaint and filed the administrative record (hereinafter TR___), and the

parties have briefed the issues.  The matter has been referred to the undersigned Magistrate

Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following

reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

On May 25, 2005, Plaintiff protectively filed an application seeking disability

insurance benefits  in which he alleged that he became disabled on April 15, 2005.  (TR 58-

59, 66).   The application was denied initially and on reconsideration. (TR 39, 41).   At

Plaintiff's request, a hearing *de novo* was conducted before Administrative Law Judge

Falkenstein ("ALJ") on August 29, 2007. (TR 303-321).  At this hearing, Plaintiff appeared

by video[1] with counsel and testified that he was unable to work beginning April 15, 2005,

due to back, shoulder, and leg pain resulting from previous spinal fractures. (TR 305-306).

He testified that he suffered an injury after a fall in 2000 and was unable to return to his

previous job with a trucking company after this injury. (TR 307).  Plaintiff testified he

worked as a lawn maintenance worker in 2004 and 2005 and had difficulty with the bending

and digging requirements of this job. (TR 308).  Plaintiff testified he had not received

consistent medical treatment following the back injury in 2000.  (TR 308).  He stated that he

had pain in his upper and lower back radiating into his legs that "comes and goes" and caused

difficulty with sitting or standing in one place for a long period of time. (TR 309).  He

described the need to change positions after sitting for an hour, the ability to stand for an

hour at a time, constant pain in his left shoulder, constant upper and middle back pain,

difficulty sleeping, and difficulty performing bending and physical activities. (TR 309-310).

Plaintiff estimated he could lift ten pounds, and he described nasal pain causing breathing

problems and constant headaches and dizziness, for which he took over-the-counter pain

medication and rested. (TR 310-311).    Plaintiff described occasional forgetfulness,

decreased near vision, and difficulty with squatting and kneeling for a prolonged period of

---

[1]A video teleconferencing hearing was conducted between Plaintiff, who was in Lawton,
Oklahoma, and the ALJ, who was in Oklahoma City, Oklahoma. See 20 C.F.R. § 404.936(c)

time. (TR 311).    Plaintiff testified he was residing with friends and that he performed household chores with breaks approximately every 30 minutes, cooked meals, raked the yard, and attended church.  (TR 311-313). A medical expert, Dr. Lynn, and a vocational expert also testified at the hearing.

The ALJ subsequently issued a decision in which the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (TR 16-24).  The Appeals Council declined Plaintiff's request for a review of the administrative decision. (TR 5-7).  Plaintiff now seeks judicial review of the final decision of the Commissioner embodied in the ALJ's determination.

## II. Standard of Review

Judicial review of this action is limited to determining whether the Commissioner's decision is based upon substantial evidence and whether the correct legal standards were applied.    Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir. 1991).   "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).  Because "all the ALJ's required findings must be supported by substantial evidence," Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999), the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also "discuss the uncontroverted evidence [the ALJ] chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects." Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hamilton v. Secretary of Health & Human Servs.,

961 F.2d 1495, 1498 (10th Cir. 1992).  However, the court must "meticulously examine the record" in order to determine whether the evidence in support of the Commissioner's decision is substantial, "taking into account whatever in the record fairly detracts from its weight." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004)(internal quotation omitted).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i).  The Commissioner applies a five-step inquiry to determine whether a claimant is disabled.  See 20 C.F.R. § 404.1520(b)-(f) (2009); see also Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005)(describing five steps in detail).  Where a *prima facie* showing is made that the plaintiff has one or more severe impairments and can no longer engage in prior work activity, "the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given [the claimant's] age, education, and work experience." Grogan, 399 F.3d at 1261; accord, Channel v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984).

III. ALJ's Decision

Following the required sequential evaluation procedure, the ALJ found at step one that Plaintiff had not worked since his alleged disability onset date of May 15, 2005. (TR 18). At step two, the ALJ found that Plaintiff had a severe impairment due to discogenic and

degenerative disorders of the back. (TR 18).  The ALJ found at step three that Plaintiff's

impairment was not disabling *per se* under the agency's Listing of Impairments for

musculoskeletal disorders.  At the fourth step, the ALJ found that despite Plaintiff's severe

impairment Plaintiff had the residual functional capacity ("RFC") to perform work at the

medium exertional level although Plaintiff's ability to sit and stand or walk was limited by

the need to change positions every hour.  (TR 19).  The ALJ also found that Plaintiff could

only occasionally lift or carry up to 60 pounds, frequently lift or carry up to 20 pounds,

occasionally push or pull up to 20 pounds, and manipulate objects without limitation.

Relying on the VE's testimony concerning the exertional and skill characteristics of

Plaintiff's previous work and the ability of an individual with Plaintiff's RFC for work to

perform those jobs, the ALJ found at step four that Plaintiff was unable to perform his

previous jobs as a landscape laborer, carpenter's helper, and moving van helper. (TR 23).

Relying again on the VE's testimony concerning the availability of jobs for an individual

with Plaintiff's RFC for work, the ALJ found at step five that Plaintiff was capable of

performing other jobs available in the economy, including the jobs of food deliverer, ticket

seller, and call out operator. (TR 24).  Based on these findings, the ALJ concluded that

Plaintiff was not disabled within the meaning of the Social Security Act.

IV. <u>Due Process Violation - Use of Medical Expert</u>

Although Plaintiff did not challenge Dr. Lynn's appearance as a medical expert and

testimony during Plaintiff's administrative hearing, Plaintiff now contends that the

Commissioner's decision must be reversed because the ALJ improperly relied on Dr. Lynn's

testimony.  Plaintiff claims that because Dr. Lynn was not a participant in the agency's Medical and Vocational Expert System, the ALJ's reliance on his testimony denied Plaintiff due process.  Social Security Administration regulations require that ALJs use the Medical and Vocational Expert System, which includes a "national network of qualified medical, psychological, and vocational experts," when the ALJ needs additional testimonial evidence in order to adjudicate a social security disability application. 20 C.F.R. § 405.10.

In support of his argument, Plaintiff points to the written Physician's Statement of Professional Qualifications completed by Dr. Lynn that appears in the record. In this document, Dr. Lynn states that he has an agreement with the Social Security Administration to participate as a medical expert in the agency's evaluation of disability applications. (TR 36-37).  This documents does not support Plaintiff's allegation that Dr. Lynn was not a participant in the agency's Medical and Vocational Expert System.  Although Dr. Lynn indicated in this document he had no contract with the agency, his statement explained that he was participating in administrative hearings pursuant to an agreement with the agency to provide testimony as a medical expert. This is sufficient evidence of Dr. Lynn's qualification as a medical expert consistent with the agency's regulations.   Plaintiff's assertion of a due process violation in this regard is without merit.

V. Consultative Examination

Plaintiff contends that the agency "did not provide a consultative examination as required by" the regulations and therefore denied him due process in evaluating his disability application.  As Plaintiff suggests, the administrative record does not include a copy of the

report of the consultative examination of Plaintiff conducted by Dr. Maldonado on September 28, 2005, although the ALJ relies on Dr. Maldonado's objective findings in his decision.   However, Plaintiff has attached a copy of Dr. Maldonado's consultative examination report to his Opening Brief.  Because Plaintiff obviously received a copy of Dr. Maldonado's report of the consultative examination,  Plaintiff has not shown a due process deprivation as a result of the ALJ's reliance on evidence contained in Dr. Maldonado's report in evaluating Plaintiff's disability application.

Plaintiff next contends that Dr. Maldonado's report of his consultative examination of Plaintiff "is internally inconsistent.  He omitted relevant information and inadequately assessed the medical history of the plaintiff." Plaintiff's Opening Brief.  Dr. Maldonado's report reflects that prior to his physical examination of Plaintiff he obtained a medical history and a subjective assessment of symptoms and functional abilities from Plaintiff.  Plaintiff's Opening Brief, att. 2.  In this report, Dr. Maldonado noted that Plaintiff had provided a history of a back injury when he was 18 years old, a second back injury when he was hit on the head with a 150-pound furnace, and a third back injury in 2001 when he lost his balance while stepping out of a semi-truck and carrying a load.  All of these injuries preceded the date that Plaintiff alleged he became disabled.  Dr. Maldonado noted that Plaintiff stated he was "still working but it is very difficult for him to do his job because he has no other means of working except physical labor" and his condition was worsening with pain in his center and lower back, in his tailbone, and in his upper left shoulder, as well as morning stiffness, difficulty sleeping, and temporary balancing difficulty in the mornings. Id. Dr. Maldonado's

report sets forth extensive objective findings from the physical examination of Plaintiff. The report also contains Dr. Maldonado's assessment that Plaintiff has (1) a history of back pain, (2) a history of cigarette smoking, and (3) "borderline" hypertension. Id.  Plaintiff has not shown that Dr. Maldonado's report of his consultative examination of Plaintiff is "internally inconsistent" or inadequate in presenting the medical history as described by Plaintiff. Plaintiff's due process claim concerning the September 2005 consultative examination conducted by Dr. Maldonado is without merit.

VI. Step Three

Plaintiff contends that there is not substantial evidence to support the ALJ's step three finding. At the third step of the requisite sequential evaluation procedure, the ALJ "determines whether the impairment is equivalent to one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity," pursuant to 20 C.F.R. § 404.1520 (d) (2009). Bowen, 482 U.S. at 141.  "If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled." Id.

Plaintiff contends that there is not substantial evidence to support the ALJ's finding that he is not disabled *per se* under the agency's Listing of Impairments for musculoskeletal impairments.  Although Plaintiff refers to various records of treatment in the record, Plaintiff does not relate those treatment records to any specific listing.  He merely alleges in conclusory fashion that the ALJ's decision in this regard is not adequate and is somehow "ambiguous."  In the ALJ's decision, the ALJ reviewed the medical record and explained his

finding at step three that Plaintiff's back impairment was not severe enough to meet or equal

the listings for musculoskeletal impairments at 20 C.F.R. pt. 404, subpt. P, app.1, §§ 1.01 and

1.04. The ALJ pointed to specific findings from physical examinations of Plaintiff conducted

by his treating physician, Dr. Wright, in October 2000 and by the consultative examiner, Dr.

Maldonado, in September 2005.  (TR 175-176; Plaintiff's Opening Brief, att. 2).  Although

Dr. Maldonado's report noted that Plaintiff exhibited "a decrease in the lumbar range of

motion and in the cervical range of motion," the range of back motion chart completed by

Dr. Maldonado and attached to his report did not reflect findings of decreased lumbar or

cervical range of motion.  Plaintiff's Opening Brief, att. 2.  Moreover, other findings in the

physician's consultative examination report indicated Plaintiff's functional ability was not

limited by back pain or reduced range of motion.  Dr. Maldonado noted Plaintiff was able

to perform heel and toe walking without difficulty, he did not exhibit muscular weakness or

atrophy, he exhibited good hand grip strength and normal fine manipulation ability, his gait

was normal, and his range of joint motion was normal.[2]  Id.  Plaintiff refers to specific

treatment records that he believes the ALJ should have considered in reaching the step three

finding.  However, the majority of these records concern treatment of Plaintiff years before

his alleged disability onset date. For instance, Plaintiff refers to an x-ray made in 1984 and

showing he had a slight anterior compression fracture at one level of his thoracic spine and

---

[2]The ALJ notes in his decision that Dr. Maldonado reported Plaintiff exhibited, *inter alia*, "good weakness .... " (TR19, 22).  This appears to be a typographical error as Dr. Maldonado's consultative examination report reflects he found Plaintiff exhibited "no weakness" in the musculoskeletal regions. Plaintiff's Opening Brief, att. 2.

another x-ray made in 1990 showing he exhibited "[s]ome mild wedging" at one level in his cervical spine. (TR 118, 135). The record shows Plaintiff worked for many years after these dates performing heavy exertional work. Plaintiff refers to another x-ray showing he fractured a finger on his left hand in 1991. (TR 131). Again, Plaintiff worked for many years after this injury. Plaintiff refers to a computerized tomographic ("CT") scan of his brain conducted in March 2006. This document indicates the scan was "[u]nremarkable." (TR 283). The remaining treatment records cited by Plaintiff concern the medical treatment he received following a May 2000 work-related back injury. The ALJ's decision reflects consideration of these treatment records, including the October 2000 report of Plaintiff's treating orthopedic specialist, Dr. Wright, indicating Plaintiff was released by the physician to return to his previous job as a mover without restrictions. (TR 22. 175). The ALJ's step three finding is supported by substantial evidence in the record.

VII. <u>Steps Four and Five</u>

The ALJ found that despite Plaintiff's back impairment Plaintiff was capable of performing work at the medium exertional level with certain limitations in sitting, standing, walking, bending, stooping, squatting, crouching, and crawling. Plaintiff has not challenged this RFC finding or the ALJ's finding that Plaintiff's RFC for work is compatible with his ability to perform jobs available in the economy, including the jobs of food deliverer, ticket seller, and call out operator. The ALJ's decision reflects a careful and reasoned explanation of these findings, and those findings are well supported by the record, including the medical record, the testimony of the medical expert, and the testimony of the vocational expert.

Accordingly, the Commissioner's decision to deny Plaintiff's application for disability insurance benefits should be affirmed.

RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's application for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before _____ September 10th _____, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this _____ 21st _____ day of _____ August _____, 2009.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE